PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF TEXAS
Houston DIVISION

United States Courts
Southern District of Texas
FILED

JAN -8 2021

King, Vonice. L #TDC # 186-2786
Plaintiff's Name and ID Number

Eastham unit "TDCJ"
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

Connor, Elvis. COIV
Sgt. Orris J. Talley
Defendant's Name and Address

Sgt. Flores, Luis A
Defendant's Name and Address

Sgt. Alexander, Marquell
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

  A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

  B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

  1. Approximate date of filing lawsuit: Aug 14, 2017
  2. Parties to previous lawsuit:
     Plaintiff(s) VONICE KING, # 186-2786
     Defendant(s) CHARLES O. MEADOR, II, ET AL.
  3. Court: (If federal, name the district; if state, name the county.) Eastern District
  4. Cause number: 6:17cv467
  5. Name of judge to whom case was assigned: JOHN D. LOVE
  6. Disposition: (Was the case dismissed, appealed, still pending?) settlement
  7. Approximate date of disposition: Sometime in March 03, 2020

Rev. 05/15

2

II. PLACE OF PRESENT CONFINEMENT: Eastham Unit Loveladay, TX

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?   ✓ YES   ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Connor, Elvis. COIV, SGt. Orris J. Talley, SGt Flores, Luis A, SGt. Alexander, Marquell all Correction Officer Texas State Prison. Individually and in their official Capacities Huntsville Unit 815 12th St. Huntsville, TX 77340

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Bryan Collier, is the Executive Director of the State of Texas Department of Criminal Justice

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

legally responsible for the overall operation of the, see Attachment III

Defendant #2: Billy M. Lewis, is A senior Warden of Huntsville Walls unit.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

legally responsible for operation of Huntsville walls, see Attachment III

Defendant #3: Connor, Elvis COIV "TDCJ" Huntsville unit 815 Huntsville, TX 77340

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Acted under the color of state law and is been sued, see Attachment III

Defendant #4: Orris J. Talley SGt Huntsville unit "TDCJ" 815 12th Huntsville, TX 77340

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Acted under the color of state law and is been sued, see Attachment III

Defendant #5: Marquell, Alexander SGt "TDCJ" Huntsville Unit 815 12th St Huntsville, TX 77340

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Acted under the color of state law and is been sued see Attachment III

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Plaintiff reallege and incorprate by reference paragraphs 1-14.

The use of Aggravated Excessive, unnecessary or Deadly Force violated Plaintiff King, Vonice. L, Rights and Constitute the right to be free from Cruel and Unusal Punishment "Excessive force" is any physical contact by a guard that is meant to cause harm, rather than keep order. Which each defendant named did do cause harm and violated my rights.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

That court will enter Judgment granting Plaintiff; please see the attchment for the Prayer for Relief for full answer.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

VONICE LAWRENCE KING, Bebe

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

Only know #186-2786, #108-5062

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ___ YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1. Court that imposed sanctions (if federal, give the district and division): N/A
  2. Case number: N/A
  3. Approximate date sanctions were imposed: N/A
  4. Have the sanctions been lifted or otherwise satisfied?  ___ YES ___ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?  ____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): __N/A__
2. Case number: __N/A__
3. Approximate date warning was issued: __N/A__

Executed on: _____
            DATE

VONICE KING #186-2796
*Vonice King*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this __30th__ day of __December__, 20__20__.
           (Day)            (month)           (year)

Vonice King
*Vonice King #186-2796*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

In the United States District Court
For the Southern District of Texas
Houston Division

King, Vonice. L
Plaintiff
vs
Connor, Elvis. CO-IV
SGT. Orris J. Talley
SGT. Flores Luis A
SGT. Alexander, Maxwell
individually and in their official capacities
(Defendants)

Complaint
Civil Action No.
#
(Clerk use only)

United States Courts
Southern District of Texas
FILED
JAN - 8 2021

## I. Jurisdiction & Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Texas; Division of Houston, is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

Page 1 of 7

## II. Plaintiff

3. Plaintiff, King, Vonice. L, is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Corrections. He is currently confined at the Eastham Unit, in Lovelady, Texas

## III. Defendants

4. Defendant, Bryan Collier, is the Executive Director of the State of Texas Department of Criminal Justice. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Eastham Unit.

5. Defendant, Billy M. Lewis, is a Warden of Huntsville Walls Unit. He is legally responsible for the operation of Huntsville Walls Unit and for the welfare of all the inmates in that prison.

6. Defendants, Connor, Ellis; Orris J. Talley; Luis A. Flores; and Maxwell, Alexander, is a Correctional Officer of the Texas Department of Criminal Justice who, at all times mentioned in this complaint, held the Rank of, Connor-CO.IV, SGT. Talley, SGT. Flores, and SGT. Alexander, was assigned to the Huntsville Walls Unit.

7. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## FACTS

8. On the date/time listed 4·16·20 6:40 pm at the H.V. Walls unit, P. line 1 row 6·cell, Defendants- Connor, Elvis. CO. IV, SGT. Orris J. Talley, SGT. Flores A. Luis, and SGT. Alexander, Maxwell, violated the General Rules of Conduct for Employees by using aggravated excessive, unnecessary, or deadly force.

9. On 4·15·20 Plaintiff, King was transported to the H.V. Walls unit for medical chain, but refused due to the there was no "immediate" medical chain to Galveston. On 4·16·20 First Shift SGT. was notified that inmate King needed to speak with a supervisor. SGT. Green came to talk with offender King, as King let SGT. Green know that he recently just got out of Ad.Seg and he could not be locked down in a small cell with no one. SGT. Green authorized for the Plaintiff to be moved from P·1·4 to P·1·6.

10. As 2nd shift came in Officer Connor went and told the Plaintiff that he was moving to 2·row, as the Plaintiff told Officer Connor that he wanted to speak with a LT. because he was refusing to move on 2·row. Officer Connor responded "yes" your going to move on 2·row, or were going to move you. The Plaintiff explained that he was 1·row restricted, heat restricted and a mental health patient. Officer Connor left and came back with SGT. Alexander. The Plaintiff explained such issues to the SGT. and the SGT. stated that the Plaintiff did not have to move to 2·row, but he had to move back to P·1·4 cell.

11. The inmate that was housed in P·1·4 was notified by Officer Connor that he was going to be moved to 2·row. The inmate and Officer Connor started arguing about the situation, which led to them verbal threatening each other.

PAGE 3 OF 7

12. At that point in time SGT. Flores Jr. came to the scene and moved the inmate to 2-row. SGT. Flores, SGT. Talley and SGT. Alexander proceeded to move the plaintiff from P.1.6 to P.1.4, but within this process the other inmate property was left behind in P.1.4 cell and the defendants were not trying to retrieve it.

13. The plaintiff was speaking to SGT. Alexander about getting the inmate his personal property, as Officer Connor was not trying to give it to the inmate. Note: The plaintiff's cell door was still open due to the move. The plaintiff was talking to the SGT. as Officer Connor got upset at the fact that I was trying to help another inmate and pushed me in the cell (plaintiff was standing in the door way) and proceeded to strike me repeatedly with a closed fist in my face. We begin to wrestle and as I realize that the SGT's wasn't trying to stop the officer from assaulting me, I tried to swing back in self defense to protect myself.

14. At this time the SGT's came in and started attacking me in the same manner as Officer Connor. As the plaintiff balld up to protect himself, Defendant Connor started to kick me in the head, saying that he's going to kill me and that I fucked up. SGT. Alexander grabed Officer Connor and told him that was enough and told him to stop, as SGT. Flores begin to put handcuffs on me, Officer Connor started attacking me again.

15. Officer Connor pushed me and punched me in the eye (left), as I balld up again he repeatedly kicked me in the head and shoulder. Officer Connor was calling me out of my name, which again SGT. Alexander along with SGT. Talley grabed Connor and told him "enough", its over with. I was ordered to cuff up by SGT. Flores and I did.

PAGE 4 OF 7

16. The Defendants took advantages of this deadly force opportunity without it captured on video by a camera. Within the medical visit i was seen by a Doctor on a T.V. Screen and complained about my injurys. However, i notified the nurse that my ribs are bruised, my head was busted and i had a slight concussion. Numerous sick calls were sent in to medical, seeking attention to these injurys because of the serious pain. Somehow i was never treated for these serious injurys! The pain and complications from these injurys are still ongoing! Damaged was close to my vital areas, from the Defendants.

17. On 4-20-20 i talked to a major and explained these issues and was told to go back to my cell and the situation would be investigated. If i filed an I.60, no one would respond. I filed a L.I.D (Life in Danger) and still no one responded. I filed a I.127 Grievance that was forward to the O.I.G for Investigation purposes, but was not investigated by said O.I.G, due to Covid-19 reasons.

IV. Exhaustion of Legal Remedies

18. Plaintiff, King, Vonice.L, used the prisoner grievance procedure available at the Huntsville Walls unit to try and solve the problem. On 4-22-20 ; 6-5-20 plaintiff King, Vonice.L, presented the facts relating to this complaint. On 6-1-20 ; 6-24-20, plaintiff King was sent a response saying that the grievance had been denied.

V. Legal Claims

Plaintiff realleges and incorporate by reference paragraphs 1-18.

The use of aggravated excessive, unnecessary or deadly force violated plaintiff King, Vonice.L,

Page 5 of 7

rights and constituted the right to be free from cruel and unusual punishment. "Excessive force" is any physical contact by a guard that is meant to cause harm, rather than keep order. See, Hudson v McMillian, 503 U.S. 1 (1992); also, Brown v Lippard, 472 F.3d 384 (5th Cir. 2006), the Court found a violation of the Eighth Amendment when prison officials punched and kicked a prisoner. Said force was used to "maliciously" and "sadistically" cause harm that violated the Eighth Amendment to the United States Constitution.

The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## VI  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States. Grant Plaintiff King $50,000 jointly and severally; Grant, Plaintiff King, punitive damages in the amount of $100,000. Plaintiff also seeks a Jury Trial on all issues triable by Jury, and any additional relief this Honorable Court deems just, proper, and equitable.

Dated: 12-30-20

Respectfully Submitted,
(X) Vonice L. King
Vonice L. King #1862786
Eastham Unit
2665 Prison Rd. 1
Lovelady, TX. 75851

Page 6 of 7

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Eastham Unit; Lovelady, Texas

(X) Vonice L King
King, Vonice. L.

## Plaintiff's Declaration

1. I declare under penalty of perjury all facts presented in this complaint and attachments hereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an Informa Pauperis lawsuit if I have brought three or more civil actions or appeals (from a judgement in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of physical injury.

5. I understand if ever am allowed to proceed without prepayment of costs, I am responsible for the entire filing and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust fund account by my custodian until the filing fee is paid.

DATE: 12-30-20

(X) Vonice L King
Vonice L. King #1862786
Eastham Unit
2665 Prison rd 1 —1

PAGE 7 OF 7

# Texas Department of Criminal Justice

## STEP 1 — OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**
Grievance #: 2020113506
Date Received: APR 30 2020
Date Due: 05/30/2020
Grievance Code: 400
Investigator ID #: I2664
Extension Date: _____
Date Retd to Offender: MAY 14 2020

Offender Name: Vontce King    TDCJ #: 186-2786
Unit: Huntsville    Housing Assignment: L1-05 cell
Unit where incident occurred: Huntsville Unit

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.
Who did you talk to (name, title)? Appealing Disciplinary Hearing    When? 4-28-20
What was their response? _____
What action was taken? _____

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I would like to appeal case #20200174056 for the simple fact. 1. I was denied the right to attend the hearing and question the officer' report and his testimony. Which violate my civil Right to a due process. 2. The "DHO" falsely documents by saying I was excluded due to assaulted behavior towards staff, which is a lie. I didn't assault noone. I was attack by officer Elois Conner CO IV who is the only person that has testify and falsely documents to cover himself. According to the GR-106 Disciplinary Rules and Procedures, I have a right to attend the hearing and less I had problems right before are during the hearing. I haven't had any problem with any officer since the alleged incident on 4-16-20. The whole reason for this was for me to have my chance to defend myself and question any one or any statement that is used against me. Do to the fact my civil Right was violate and DHO had no reason not to allow me to attend the hearing. This clearly show that I didn't have a fair hearing and that I was found guilty just to help the officer cover his track. I'm show that if whomever review this grievance and all the evidence that's involve in this case will see that, Rule, Policy, My civil Rights and everything else was violated and that the Capt. Had no right to denied me the chance to this hearing.

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

Also as against the Capt. M. Proter didn't do his job properly and violate my civil Right and also the Counsel Substitute did nothing to work in my favor I gave her a list of officer to contact who could have and would have been my witness whom was there at the time and I'm gone write these name on this as well for you to check my right were violated I was assault by these officer and also the Capt denied my right to a hearing to defend myself and prove my innocent.

**Action Requested to resolve your Complaint.**
I want this case over turn, I want to file a law suit for my civil Rights been violate as of a due process and for excesive use of f-

Offender Signature: Vonece King            Date: 4-30-20

APR 30 20

**Grievance Response:**

Major disciplinary case #20200177056 was reviewed and no procedural errors were identified. All due process requirements were satisfied, and the punishment imposed was within the recommended guidelines. Sufficient evidence was provided to support a finding of guilt; therefore, the charge and punishment will stand as rendered. No further action warranted.

Asst. Warden B. Castleberry

Signature Authority: _____            Date: 5/13/20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F



## Texas Department of Criminal Justice
## STEP 2   OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020113506
UGI Recd Date: MAY 18 2020
HQ Recd Date: MAY 21 2020
Date Due: 6-17-20
Grievance Code: 400
Investigator ID#: 12448
Extension Date: 7-17-20

Offender Name: VONTCE KING    TDCJ # 186-2786
Unit: Huntsville    Housing Assignment: L1-08 cell
Unit where incident occurred: Huntsville Unit

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

My Step 1 complaint wasn't address I never wrote about noone running the hearing wrong. I said I was denied the chance to attending the hearing and I was denied the chance to question the accuser. There was no witness. I spoke with my 2 witness Sgt Talley and Sgt Alexandra They said they wasn't contact and since the accusing officer is the only person to tell his side, like officer was gone actually say he assaulted me, there were question I wanted to asked to prove my innocent. I haven't had trouble with noone since that day. Also the GR-106 clearly say I can attend if I'm not mis behaving right before the hearing, which I wasn't. This same officer is also under investigation now for another use-of-force case # 2020153636. Also The fact the warden didn't mention nothing about how the officer Conner CO IV violated policy and procedure, like why was my door open and I'm G5 and I wasn't hand cuff. There are alot of question I had that I told the substitute counsel I need her to ask and then, I was denied access to the recording hearing so that I would know what was said exactly. There was nothing I did to give them cause not to let me attend the hearing. And if is cause they didn't want me and officer Conner in the same room they could of just used the phone like they always do 85% of the time. Its clearly the warden didn't check off into this if he did I wouldn't be write this step 2. I was the

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

one who was attacked they came to my cell and some how in the middle of their reckless behavior someone or some how correc got his know broke. Sir or ma'am I pray to God that you will see this as cleary as it is my right were violated and I wasn't giving a fair hearing. I didn't break the officer nose.

**Offender Signature:** Vonice King #186-2766   **Date:** 5-17-20

**Grievance Response:**

A review of Major disciplinary case #20200177056 has been completed. There was sufficient evidence presented to sustain the 03.4 charge and the finding of guilt. Records indicate that the hearing was conducted per policy and there were no due process or procedural errors noted. The punishment was within Agency guidelines for this offense. No further action warranted by this office.

Offender Signature: _____   Date: _____

Grievance Response:

H. M. Pederson

JUN 2 6 2020

**Signature Authority:** _____   **Date:** _____

Returned because: *Resubmit this form when corrections are made.

☒ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

CGO Staff Signature: _____

**OFFICE USE ONLY**

Initial Submission _____ CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

2nd Submission _____ CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

3rd Submission _____ CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)   Appendix G

**Texas Department of Criminal Justice**

# STEP 1 OFFENDER GRIEVANCE FORM

✗ LID Emergcy ✗

Offender Name: VONICE KING    TDCJ #: 196-2786
Unit: Huntsville    Housing Assignment: L1-8 cell
Unit where incident occurred: Huntsville

**OFFICE USE ONLY**
Grievance #: 2020108992
Date Received: APR 22 2020
Date Due: 06/01/2020
Grievance Code: 800
Investigator ID #: I2664
Extension Date: _____
Date Retd to Offender: JUN 0 1 2020

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Sgt was present and Lt and major Doyle    When? 4/16,4/20
What was their response? they will check
What action was taken? nothing so far

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On April 16, 2020 I was attacked and assaulted by the officers here on the Huntsville unit my life and my freedom is in danger. There were 4 officer involved but the main officer whom started the attack is officer Conner CO III. He was upset that I was explain to the Sgt about him taking and refusing to give another inmates his belongs. Which at this time he rushed into my cell and began to push and hit me in the face with closed fist at first the other officer watch but as me and officer Conner began to wrestle inside my cell I tried to swing back but then the other officer ran in my cell and began to attack me also I then fell on the bunk and balled up I was punched all over my head, body, arms, and legs, officer Conner began to kick me in the head with his boot several times blood was all over the cell me at this time Sgt Alexdia pushed officer Conner and told him thats enough at this time Sgt Flores asked me to cuff up I gave him one of my hands and this time officer Conner began to strike me again hitting me in the left eye causes it to bleed and become blewer and I balled up again at which this time Conner began to kick me in the head again with his boot. Note that I was laying on the bunk metal and he was staind up stumping on my head no mattress. Sgt Alexdia again push him and told him stop the shit over with at this time Sgt Kelly step in front of him also to prevent him from

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

attack... [illegible] and took me to medical, again I was attack, no ICS was called intell after I was beating and already walking to medical offender and policy was violated as well as my civil Right. Officer Conner has already falsefied paperwork saying I asked him to cover up himself, I didn't break his nose and also he threat to kill me, it very possible he injury hisself while trying to kill me while I was balled up on the bunk.

*Also I just got written material or I would have already wrote this complaint. My life is in danger.

**Action Requested to resolve your Complaint.**
I want whatever TDCJ policy required, and also I want to file a civil suit for a provoked Essieve use-of-force, and talk to OIG

Offender Signature: Vonice King #196-2746    Date: 4-21-20

**Grievance Response:**

Your grievance was forwarded to the Office of the Inspector General. Their preliminary review advised this office that they would investigate under OIG Case #2000004573. This office warrants no further action at this time.

Senior Warden B. Lewis

Signature Authority: B. Lewis    Date: JUN 01 2020

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission    UGI Initials:____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

2nd Submission    UGI Initials:____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

3rd Submission    UGI Initials:____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

Appendix F



**Texas Department of Criminal Justice**

# STEP 2      OFFENDER GRIEVANCE FORM

AUG 2020

| OFFICE USE ONLY |
|---|
| Grievance #: 2020108992 |
| UGI Recd Date: JUN 05 2020 |
| HQ Recd Date: JUN 09 2020 |
| Date Due: 7-15 |
| Grievance Code: 800 |
| Investigator ID#: I0964 - OIG |
| Extension Date: |

Offender Name: VONICE KING    TDCJ # 196-2786
Unit: Huntsville    Housing Assignment: L1-08 cell
Unit where incident occurred: Huntsville

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Noone has come to investigate my step 1 yes it was referred to the OIG office, which is okay but wat about the admiscation doing their own investgation, I have lost everything now cause the officers lied and said I assaulted 1 out of 4 officers, I chose to hit 1 and I have lost my parole, my line class and I been placed back in Seg which I just worked hard to get out of. Nothing has been done about this. Referring my step 1 to the OIG can take forever. I need yall to do something, I'm not in the wrong I was the one who was attacked and in the process of the officers reckless behavior they got one of their own hurt which could of been 1 of the other 3 officer that hit the officer Conner, while they was all swing wild punch me. 4 man in a 6 by 9 cell swinging wild plus me that's 5 people. The rules and policy and percurdure was broking. Everything I wrote on my step 1 is clear as day, that something is wrong and I'm not talking about 3 sqt and a roll boss, no ICS, no checmical agcey nothing. The only reason this was even reported cause the law got hurt also and someone has to get blame and its clear who got blame. So will yall please fixes this I have already lost my parole this is the Second time I been jumped on by officer and lost my parole even though I wasn't in the wrong. Please just over turn

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

\* Note correction made it wasn't Sgt Kelly - but Sgt Orris J. Talley II

This assaulted on officer to wat it really is. A provoke excessive use-of-force. I was uncalled for and the officer are all in the wrong as well violated there own rules and policy as well as violated my civil right. I'm shaw warden Lewis is busy right now, but some need to right this wrong Plea

**Offender Signature:** Vonice O King #196-2786    **Date:** 6-9-20

**Grievance Response:**

Your allegation of this incident has been forwarded to the Office of the Inspector General. Based on their review of your grievance, they have assigned OIG case #2000004573.

**Signature Authority:** V Bar  **V. BARROW**   **Date:** JUN 2 4 2020

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**OFFICE USE ONLY**

Initial Submission     CGO Initials:_____
Date UGI Recd:_____
Date CGO Recd:_____
(check one) ___Screened ___Improperly Submitted
Comments:_____
Date Returned to Offender:_____

2nd Submission     CGO Initials:_____
Date UGI Recd:_____
Date CGO Recd:_____
(check one) ___Screened ___Improperly Submitted
Comments:_____
Date Returned to Offender:_____

3rd Submission     CGO Initials:_____
Date UGI Recd:_____
Date CGO Recd:_____
(check one) ___Screened ___Improperly Submitted
Comments:_____
Date Returned to Offender:_____

I-128 Back (Revised 11-2010)     **Appendix G**